JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JONATHAN TEJEDA and ANDRES PADILLA, on behalf of themselves and all others similarly situated to reach respectively,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>　　　　　Defendant. | CASE NO. CV08-01590 DDP (MANx)<br><br>**ORDER OF FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE**<br><br>**[CLASS ACTION]**<br><br>Date:　October 5, 2009<br>Time:　11:00 a.m.<br>Ctrm:　3<br>Judge:　Hon. Dean D. Pregerson |

　　　　On October 5, 2009, a hearing was held on the motion of plaintiffs Jonathan Tejeda for final approval of their class action settlement (the "Settlement") with defendant United Parcel Service, Inc. ("UPS") and payments to the Labor and Workforce Development Agency and the Settlement Administrator.  Gregory N. Karasik of Spiro Moss LLP, and Shaun Setareh of Law Offices of Shaun Setareh appeared for plaintiffs; and E. Jeffrey Grube of Paul, Hastings, Janofsky & Walker LLP appeared for UPS.

LEGAL_US_W # 60677375.1

The parties have submitted their Settlement, which this Court preliminarily approved by its April 3, 2009, order. In accordance with the preliminary approval order, class members have been given notice of the terms of the Settlement and the opportunity to comment on or object to it or to exclude themselves from its provisions. Having received and considered the Settlement, the supporting papers filed by the parties, and the evidence and argument received by the Court at the preliminary approval hearing held on March 30, 2009, and the final approval hearing on October 5, 2009, the Court grants final approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1. Pursuant to this Court's order of April 3, 2009, a Notice of Conditional Certification of Settlement Class, Proposed Settlement, Preliminary Court Approval of Settlement, and Hearing Date for Final Court Approval, form of Claim for Settlement Share, and a form of Election Not to Participate in Settlement were sent to each class member by first-class mail. These papers informed class members of the terms of the Settlement, their right to receive a Settlement Share by submitted a Claim for Settlement Share, their right to comment on or object to the Settlement or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. No class members filed written objections to the proposed settlement as part of this notice process and none stated an intent to appear at the final approval hearing.

2. The Court finds and determines that this notice procedure afforded adequate protections to class members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of class members. The Court finds and determines that the notice provided in this case

was the best notice practicable, which satisfied the requirements of law and due process.

3. For the reasons stated in the Court's April 3, 2009, preliminary approval order, the Court finds and determines that the proposed Settlement Class, as defined in the definitions section of the Settlement, meets all of the legal requirements for class certification, and it is hereby ordered that the Settlement Class is finally approved and certified as a class for purposes of settlement of this action.

4. The Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the class and to each class member and that the class members who have not opted out will by bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

5. The Court finds and determines that the Settlement Shares to be paid to the Participating Class Members as provided for by the Settlement are fair and reasonable. The Court hereby gives final approval to and orders the payment of those amounts be made to the Participating Class Members out of the Maximum Settlement Amount in accordance with the Settlement.

6. The Court finds and determines that payment to the California Labor and Workforce Development Agency of $50,000 as its share of the settlement of civil penalties in this case is fair, reasonable, and appropriate. The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Maximum Settlement Amount in accordance with the Settlement.

7. The Court finds and determines that the fees and expenses of CPT Group, Inc. in administrating the settlement, in the amount of $154,000, are fair and reasonable. The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Maximum Settlement Amount to the Settlement Administrator in accordance with the Settlement.

LEGAL_US_W # 60677375.1                    3

ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

8. The Court determines by separate order the request by plaintiffs and class counsel for the Class Representative Enhancement Payments, Class Counsel Fees Payment, and Class Counsel Litigation Expenses Payment.

9. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement.

10. Nothing in this order shall preclude any action to enforce the parties' obligations under the Settlement or under this order, including the requirement that UPS make payments to the Participating Class Members in accordance with the Settlement.

11. Upon completion of administration of the settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the parties.

12. Pursuant to the Settlement, all Participating Class Members are permanently barred from prosecuting against UPS, and its parents, predecessors, successors, subsidiaries, affiliates, and trusts, and all of its employees, officers, agents, attorneys, stockholders, fiduciaries, other service providers, and assigns, any of the claims released by them under the Settlement.

13. The parties are hereby ordered to comply with the terms of the Settlement.

14. This action is hereby ordered dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement.

Dated:

October 15, 2009.

_____
Dean D. Pregerson
U. S. District Judge